**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McAllen Division**

**TIMOTHY WILKINS,**

      **Plaintiff,**

**v.**                                                                                                                                    Case No. _____

**ALLY FINANCIAL INC.**

      **Defendant.**

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Ally Financial Inc. ("Ally") hereby removes this action from the Justice Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a). Accordingly, Ally removes this action and in support of its Notice of Removal states the following:

### I.    BACKGROUND

1.    On September 25, 2019, Plaintiff Timothy Wilkins ("Plaintiff") filed an Original Petition (the "Complaint") against Ally in a civil action in Precinct 2, Place 1 in the Justice Court of Hidalgo County, Texas, Case No. SC19-0130-J21. A copy of the state court docket is attached hereto as **Exhibit A**.

2.    Ally was served with the Complaint on September 27, 2019. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3. In his Complaint, Plaintiff alleges that "Ally's reporting made with the credit bureaus" regarding his account was supposedly "negative and false."

4. Ally denies the allegations in the Complaint, denies that Plaintiff has a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law.

## II.    FEDERAL JURISDICTION

5. As mentioned above, Plaintiff's claims are based on "Ally's reporting made with the credit bureaus" regarding his account, which was supposedly "negative and false." *See* Compl. ¶¶ 4–5.

6. Although Plaintiff attempts to frame his claims as arising under State law, the "artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998).

7. Here, Plaintiff's claims relate to "Ally's reporting made with the credit bureaus." Compl. ¶ 4. But any State law claim "relating to the responsibilities of persons who furnish information to consumer reporting agencies" is absolutely, completely, and explicitly preempted by section 1681t(b)(1)(F) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

8. Plaintiff cannot avoid removal by intentionally omitting a necessary federal question from his pleadings. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

9. Because "Plaintiff's allegations concern Defendant's responsibilities as a furnisher" of credit information to consumer reporting agencies, "the FCRA preempts these claims" and removal to federal court under the doctrine of complete preemption is proper. *See Arnold v. Navient Sols., LLC*, 2018 WL 6671542, at *2–3 (N.D.N.Y. Dec. 19, 2018).

10. Thus, Federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists over this action because Plaintiff's claims are completely preempted by federal law—namely, the FCRA—and Plaintiff cannot avoid this Court's jurisdiction through "artful pleading."

11. To the extent Plaintiff asserts any State law claims arising out of his allegations regarding allegedly inaccurate credit reporting, this Court would have supplemental jurisdiction over such State law claims pursuant to 28 U.S.C. § 1367(a).

### III.  VENUE

13. Venue is proper in this Court because the district and division encompass Precinct 2, Place 1 in the Justice Court of Hidalgo County, Texas, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV.  NOTICE

14. Concurrent with filing this Notice of Removal, Defendant will file a Notice of Filing of Notice of Removal with the Clerk of the Justice Court of Hidalgo County, Texas, and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit B**.

15. Ally reserves the right to amend its Notice of Removal.

16. If any questions arise as to the propriety of the removal of this action, Ally requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Ally Financial Inc., hereby removes this action to this Court and seeks whatever further relief this Court deems equitable and just.

Date:   October 9, 2019

Respectfully Submitted,

**Ally Financial Inc.**

<u>By: /s/ Ethan G. Ostroff</u>
Ethan G. Ostroff
Attorney-in-charge
Virginia State Bar #71610
S.D. of Texas Bar #2848444
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-7510
Email: ethan.ostroff@troutman.com
*Counsel for Defendant Ally Financial Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2019, I served the foregoing *Notice of Removal* on the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record, and further served a copy of the foregoing by US mail:

### Counsel for Plaintiff

Michael Pruneda
Texas Bar No. 24025601
P.O. Box 1664
Pharr, Texas 78577
Telephone: (956) 702-9675
Email: michael@michaelpruneda.com

Dated: October 9, 2019

*By: /s/ Ethan G. Ostroff*
Ethan G. Ostroff
Attorney-in-charge
Virginia State Bar #71610
S.D. of Texas Bar #2848444
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-7510
Email: ethan.ostroff@troutman.com